The opinion of the court was delivered by
y?atkins, .1.
Plaintiff, as universal heir of Charles Sagory, deceased, claims ownership of four improved lots in the city of New Orleans, standing in the name of Emile Bouny, deceased husband of the defendant. The defendant is sued in her own right, as widow in ■community, and as the tutrix of the minor children, issue of her marriage with the deceased. The plaintiff charges that during his .lifetime, Emile Bouny was his duly authorized agent, and, as such, had a large amount of money of his in hand for investment on mortgages, and that, amongst others, he negotiated two loans of $3000 and $2000, to Peter and John Jones, on the property in suit. That the said mortgagors, failing to pay their notes at maturity, Bouny foreclosed and, at the sale, took title in his own name, and never ■accounted for the notes or the proceeds. That the title stood in Ms name, at his death, and that his widow and heirs are in possession without title.
The position assumed by Mrs. Bouny in the litigation is that she ■does not know whether the property belonged to her husband or to Charles Sagory; but that it stands in the name of her husband, and, unless Mrs. Sagory can establish, by positive written evidence, that it belonged to her husband, it should remain undisturbed in her pos.session.
Prom a judgment in favor of plaintiff the defendant has appealed.
There is not much dispute about facts.
Bouny was agent, as stated, and, at a judicial sale of the prop•erty, in foreclosure of the Jones’ mortgage, he took title in his name. He never accounted to his principal for the notes, or the proceeds of the sale of the mortgaged property. Prior to Ms death he made sale to one Jules V. Oharpantier of his effects, not including the property in suit, and the latter took charge of his business and continued the agency for Sagory. The accounts rendered by Bouny to Sagory do not disclose a purchase in the former’s name; but they disclose, as do the subsequent accounts of Oharpantier, many evidences of that fact.
Objection is made, however, by defendant’s counsel, to the admis *620 sibility of any evidence which is eked out by Charpantier’s accounts, for the purpose of affecting the title to real property; and it is our-opinion that the objection was well taken and should have been sustained, and the evidence rejected, at least so far as the interest of the heirs of Emile Bouny is concerned.
So far as relates to this question, the facts are these:
Bouny was Sagory’s agent, from 1880 to the time of his death,. December 28, 1885, about which time Charpantier took charge. After Bouny’s death, the plaintiff, for a valuable consideration, confirmed Oharpantier’s continuation of the business ‘of her deceased husband. When he took charge he commenced his account current where Bouny ceased, carrying to his debit the exact balance he was indebted to Sagory; and, subsequently, continued to render stated accounts of his business very much as Bouny had done. All of the accounts of Bouny appear to be in the handwriting of Charpantier (who had been for many years his clerk), as well as his own. His first account was rendered to Sagory only six days subsequent to Bouny’s death. These are but circumstances, and incidents, pointing to Sagory as the owner of the property. But the rights of Bouny’s heirs were fixed and determined, at the instant of his death, and no. parol declarations of his assignee, after his death, could divest them of title.
This question was raised and decided in Hackenburg vs. Gartskamp, 80 An. 898._ In that case, the claim was that Gartskamp was plaintiff’s agent, and purchased the property for him, taking title in his own name. He brought suit against the widow and heirs of the deceased agent, after his death, alleging this state of facts, claiming ownership of the property. The allegations of his petition are “ that Gartskamp took title in his own name, without the knowledge or consent of petitioner, and concealed said fact (from him) for a long time, in fraud,” etc. These averments plaintiff sought to prove by parol, but the testimony was, on objection, disallowed.
The court say:
‘‘Plaintiff seeks to prove by parol the acknowledgments and extrajudicial confessions of Gartskamp, in support of a demand ‘ of which testimonial proof would be inadmissible,’ which is not permitted.” See O. O. 2290.
“ If plaintiff’s pretensions were admissible, the last barrier of safety *621 ‘for titles of real estate would be gone; for, it would be then, by false •swearing, possible to defeat every title.”
In Perrault vs. Perrault, 32 An. 635, the case of Hackenburg was recognized and applied; and the court approved the ruling of the District Judge, in disallowing parol evidence, for the purpose of proving the fraud of an agent in taking title in his own name; to establish the agency to buy in the principal’s name; and for the purpose of establishing title in the plaintiff.
Those cases are strictly’ applicable to the instant case. It is not •claimed that Bouney had written authority from Sagory to buy real estate for him. The contention is that he was general agent for him, with authority to negotiate loans of money, to accept securities and mortgages therefor; to collect rents, disburse expenses, and collect interests; and of ail of his dealings and transactions to render an •account to his principal. That, in the course of his business, as such, he had occasion to resort to judicial proceedings for the foreclosing the Jones mortgage, and took title in his own name, attributing the price to the extinction of the mortgage notes. It is clear that Bouny either owes Sagory the net amount of the proceeds of ■sale, or holds title to Sagory’s property in his name.
Under the authority of the cases cited it is manifest that, in a suit lor the recovery of the property from the widow and heirs of Bouny, parol proof is inadmissible. Hence, the declarations of Charpantier can not affect the title, made as they were after Bouny’s death. Of course, any admissions of Bouny, couched in a writing of any kind, or in the accounts he rendered to his principal, during his lifetime, must be given full effect as to his widow in community and his heirs. They are bound to take title cum onere, subject to all its burdens and defects, the property being presumably an asset of the legal community.
Disregarding all of Oharpantier’s accounts, and all parol proof of transactions subsequent to Bouny’s death, and there is no proof in the record sufficient to sustain the plaintiff’s claim of title, in so far .as the heirs of Bouny are concerned.
But the ease is different in respect to the one-half interest claimed 'of Mrs. Bouny.
She knew that for several years before her husband’s death he was Sagory’s agent, and was acquainted with the business relations that existed between them. After his death she knew that Oharpan *622 tier had taken his place, and she assented, in writing, to his continuation of her husband’s business, for a consideration. When an inventory was taken of her husband’s property Mrs. Bouny appeared before the notary and joined in the act, and made this declaration, viz :
“Here the said J. L. Emile Bouny declared that, although the-properties thirdly and fourthly described have been purchased in the-name and by the late Emile Bouny, the truth is that said properties, were really purchased, the one thirdly described, for account of and' belongs to Charles Sagory; and the one fourthly described, for account of and belongs to Athalie Raspiler, and are here mentioned only as a memorandum.u
In her answer Mrs. Bouny avers that this declaration was made at the suggestion of Oharpantier, in whom she had entire confidence, and without ascertaining what the inventory contained.. That, hád she known that her husband left no counter letter relating to said property, or had she been advised that, under the law, title to real property can not be proved by parol evidence, she would not have made it.
The notary who prepared and executed the inventory says Mrs. Bouny came to his office to sign the inventory. That he read to her-the part quoted above, and that he supposes she understood it. That, she made no objection to it.
It is in testimony that, some time afterward, Mrs. Bouny went to see-Mr. Sagory, during his illness, and, in substance, told him that she-knew that the property belonged to him, and that he need not worry about it. This parol proof was admissible with respect to the question of error, but is insufficient to prove it.
On the whole, our conclusion is that plaintiff has made her claim) good to the undivided one-half interest in the property claimed by Mrs. Bouny only, and to that extent judgment should be reduced.
It is therefore ordered and decreed that the judgment appealed from be so amended as to recognize and maintain plaintiff’s title to-the one-half interest in the property claimed by Mrs. Bouny, and no-more ; and that as thus amended same be affirmed and the plaintiff' and appellee be taxed with costs of appeal.